**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rene RODRIGUEZ, Defendant–Appellant.**

No. 94–2080.

United States Court of Appeals,
Seventh Circuit.

Jan. 4, 1996.

Stephen J. Liccione, Submitted on briefs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Hugh Davis, Kevin Ernst, Detroit, MI, for Defendant–Appellant.

Before BAUER and MANION, Circuit Judges, and MILLER, District Judge.*

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

The court has considered the petition for rehearing and suggestion for rehearing en banc, and answer thereto, filed in this case. All of the judges on the original panel voted to deny rehearing, and the petition is accordingly denied.

A judge in active service called for a vote on the suggestion of rehearing en banc, which failed to obtain a majority. Judges Posner, Flaum, Ripple, Rovner, and D. Wood voted for rehearing en banc.

POSNER, Chief Judge, with whom DIANE P. WOOD, Circuit Judge, joins, dissenting from the denial of rehearing en banc.

The defendant was sentenced to life in prison without possibility of parole. He had been charged with conspiracy to sell marijuana, and the judge instructed the jury that all it had to find in order to convict was that the defendant had conspired to sell a "measurable" amount of marijuana. The prosecutor invited the jury to convict on the basis of evidence that the defendant had delivered ten ounces. At the sentencing hearing following the defendant's conviction, the judge found by a preponderance of the evidence that the defendant had actually sold more than 1,000 kilograms of marijuana, and this amount, together with the defendant's criminal history, triggered a mandatory sentence of life imprisonment. 21 U.S.C. § 841(b). Although there is no doubt that the evidence satisfied the preponderance standard, the government does not claim to have established the defendant's responsibility for the sale of 1,000 kilograms by clear and convincing evidence or beyond a reasonable doubt. The jurors were actually rather troubled by the issue of guilt—enough so that the judge had to give an *Allen*-type charge to blast a verdict out of them.

The question on which rehearing en banc is sought is whether a heightened standard of proof, either clear and convincing evidence or proof beyond a reasonable doubt, is required in a case in which the real trial occurs at the sentencing hearing rather than at the trial of guilt. It is a difficult and important question, worth the attention of the full court, especially since it received only brief attention in the panel's opinion. That opinion does not cite a key precedent, our decision in *United States v. Masters*, 978 F.2d 281 (7th Cir.1992).

The extraordinary severity of the punishments prescribed by Congress for sellers of marijuana, and Congress's increasing tendency to specify mandatory minimum prison terms, thereby curtailing the sentencing discretion of judges and the Sentencing Commission, are controversial. But I accept absolutely the power of Congress to adopt these policies and I have no desire to attempt an end run around them. Yet even if their legitimacy, if not necessarily their wisdom, is wholeheartedly accepted, as I think it my duty as a judge to do, there is a serious question whether it is permissible to sentence a person to life in prison, without possibility of parole, at the end of a brief and casual sentencing hearing in which there is no jury, in which the rules of evidence are not enforced, in which the standard of proof is no higher than in an ordinary civil case, and in which the judge's decision will make the difference between a light punishment and a punishment that is the maximum that our system allows short of death. Had the defendant been sentenced on the basis of a sale of 10 ounces of marijuana, his sentence might have been as short as 18 months. The difference between 18 months and life is, obviously, enormous. Given the defendant's criminal history, his sentence would have been longer than 18 months, perhaps twice or even three times longer, but, for a man of Rodriguez's age (49), still far short of life in prison.

* Hon. Robert L. Miller, Jr., of the Northern District of Indiana, sitting by designation.

The general formula for deciding what procedural safeguards due process requires was set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). It requires weighing the magnitude and likelihood of error if the safeguard is not adopted against the cost of the safeguard. Given that evidence presented at a sentencing hearing is often unreliable, both because the rules of evidence are not enforced in such hearings and because evidence of quantity of drugs sold is ordinarily given by criminals, the defendants' former associates, the risk of error cannot be reckoned trivial; and the magnitude of the potential error is enormous in a case in which quantity will determine whether the defendant gets a light sentence (even four and a half years is light by contemporary federal standards) or the heaviest possible short of death. The burden or cost of requiring a heightened standard of proof is limited to the possibility and consequences of occasionally giving a defendant a sentence lighter than he really deserves. This is not a trivial cost. But it should be tolerable if only clear and convincing evidence, and not proof beyond a reasonable doubt, is required. Conceivably the intermediate standard of proof would reduce the number of errors both in favor of and against defendants, for it would induce the government to conduct a more thorough investigation in preparation for the sentencing hearing, thus putting before the judge a more complete and accurate picture of the facts. More thorough investigation implies, I acknowledge, a cost to the government, a cost that might in turn reduce the government's ability to prosecute the guilty or obtain adequate sentences in every case. Few benefits come without a cost. But to imprison for life a person who sells 10 ounces of marijuana is a miscarriage of justice of sufficient magnitude to warrant some expenditure of resources to prevent. I do not say that Rodriguez in fact sold only 10 ounces. I claim only that the risk of error concerning the quantity is unjustifiably enhanced if the government need only prove the larger quantity by a preponderance of the evidence.

It might be argued that the difference between the preponderance standard and the standard of clear and convincing evidence is too gossamer to change the outcome in any actual case. I doubt that. I agree that fine distinctions between standards of proof or of appellate review have little significance in practice. *United States v. McKinney*, 919 F.2d 405, 418 (7th Cir.1990) (concurring opinion). But the difference between the standard of proof by a preponderance of the evidence, a standard that in this case permitted the judge to send the defendant away for life if he thought the odds 51–49 in favor of the defendant's having sold the 1,000 kilograms, and proof beyond a reasonable doubt, is so large that there is room for an intermediate standard that can be practically, not merely conceptually, distinguished from the extremes.

This analysis suggests that due process may require a heightened standard of proof at least in cases where the issue is life imprisonment versus a much shorter term. There is an even better argument, however, that the heightened standard should be required in such cases simply as an intelligent rule of the federal common law of criminal procedure, without reference to the Constitution. As we pointed out in the *Masters* case, "Neither the Sentencing Reform Act nor the guidelines specifies a burden of persuasion, so courts must devise their own. We are free to modify this standard as wisdom gained from experience suggests." 978 F.2d at 287. The present case is not a guidelines case, but the principle is the same. The statute under which Rodriguez was sentenced does not specify the burden of proof at the sentencing hearing. That issue has been left to the federal courts to resolve.

The Third Circuit held in *United States v. Kikumura*, 918 F.2d 1084 (3d Cir.1990), picking up a hint from *McMillan v. Pennsylvania*, 477 U.S. 79, 84, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986), that clear and convincing evidence *is* required in such cases. The panel in the present case, actually citing *Kikumura* with approval while rejecting its application to this case, acknowledged the possibility that "due process considerations may, at some point, require a greater showing for a dramatic increase" and even attributed that view to previous decisions of this court. *United States v. Rodriguez*, 67 F.3d 1312,

1322 (7th Cir.1995). So saying, it overlooked *Masters,* which rejected *Kikumura* on the authority of *McMillan* but did so without discussing the significance of the fact that *McMillan* had left open the possibility of imposing a higher standard of proof in cases in which the sentencing tail is wagging the guilt dog. More important, *Masters* suggests the possibility of grounding such a standard in the common law powers of the federal courts rather than in the Constitution.

I do not go so far as to say that I would vote to adopt the higher standard of proof if rehearing en banc were granted. That is a difficult question, in part because of the difficulty of defining the scope of such a rule. I say only that the question is sufficiently important, the stakes in personal liberty sufficiently great, that the full court should examine it. We are not overburdened with en banc proceedings, and I cannot think of a more suitable issue on which to expend some of the resources that we are able to devote to such proceedings.